**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA; et al., Plaintiffs,**

**and**

**American International Specialty Lines Insurance Co., Plaintiff–Appellee,**

v.

**SEAGATE TECHNOLOGY, INC., Defendant–Appellant.**

**No. 05–15950.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2007.

Filed May 1, 2007.

Charles A. Reid, III, Esq., Cheryl A. Jorgensen, Esq., Drinker Biddle & Reath LLP, San Francisco, CA, for Plaintiffs.

Archie S. Robinson, Esq., John L. Wincester, Esq., Anne C. Bailey, Esq., Robinson & Wood, Inc., San Jose, CA, for Plaintiff–Appellee.

Robert E. Freitas, Esq., Daniel J. Weinberg, Esq., Orrick Herrington & Sutcliffe, for Defendant–Appellant.

Before: BRUNETTI, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM *

Seagate Technology, Inc. ("Seagate") appeals the district court's grant of summary judgment to its liability insurer American International Specialty Lines Insurance Co. ("AISLIC") in this diversity action. Seagate argues that, pursuant to the Technology Liability Insurance Policy ("the Policy") issued by AISLIC, AISLIC has a duty to defend Seagate in a lawsuit filed in the Southern District of New York against Seagate by Convolve, Inc. and the Massachusetts Institute of Technology (hereinafter collectively referred to as "Convolve"). We agree with Seagate and reverse.

Convolve has alleged acts by Seagate that fall within the Policy's coverage. The policy covers wrongful acts by Seagate in its performance of "technology services," defined to include marketing and selling, for others. Convolve's complaint alleged that Seagate developed a competing technology in cooperation with, or at the request of, its customer Compaq Com-

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

puter Corp., and that, "based on its press releases, Seagate is claiming that its technology performs the same functions as Convolve's proprietary technology." In an answer to an interrogatory, Convolve added that Seagate had embarked on a campaign to prevent Convolve from profiting on its product by "falsely disparaging Convolve's image and its technologies."[1] Construing the insurer's duty to defend broadly, as we must under California law, we hold that the Policy provides coverage for trade libel acts for which Seagate may potentially be liable. *See Anthem Elecs., Inc. v. Pac. Employers Ins. Co.*, 302 F.3d 1049, 1054 (9th Cir.2002); *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal.4th 1076, 1081, 17 Cal.Rptr.2d 210, 846 P.2d 792 (1993).

The Policy's clause excluding claims arising out of the misappropriation of trade secrets does not establish that AISLIC owes no duty to defend. While Convolve's claims that Seagate misappropriated its technology would be excluded by that clause, such misappropriation claims are not necessary for Convolve to maintain trade libel claims against Seagate. A trade libel claim by Convolve against Seagate could proceed and succeed even if, as Seagate maintains, it never misappropriated Convolve's technology. *See Charles E. Thomas Co. v. Transamerica Ins. Group*, 62 Cal.App.4th 379, 384, 72 Cal.Rptr.2d 577 (1998).

**REVERSED.**

---

1. We also consider facts extrinsic to the complaint in determining whether an insured is owed a duty to defend. *See Horace Mann Ins. Co. v. Barbara B.*, 4 Cal.4th 1076, 1081, 17 Cal.Rptr.2d 210, 846 P.2d 792 (1993).